UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRA A. PITTMAN,

               Plaintiff,

-against-

CLAYTON COUNTY JAIL,

               Defendant.

24-CV-2897 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*.[1] She sues the Clayton County Jail, located in Clayton County, Georgia, alleging that Defendant violated her constitutional rights under the Fourteenth Amendment. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

---

[1] Queens County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Plaintiff brings her Fourteenth Amendment claims against the Fulton County Jail, which is located in Fulton County, Georgia. Because it appears from the face of the complaint that Plaintiff's claims arose outside this district and involve a non-resident of this district, venue is not proper in this district under Section 1391(b)(1) or (2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendant Fulton County Jail resides in Fulton County, Georgia, which is in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Accordingly, venue is proper in the Northern District of Georgia, Atlanta Division, *see* 28 U.S.C. § 1391(b)(1), and the Court transfers this action, in the interest of justice, to the United States District Court for the Norther District of Georgia, *see* 28 U.S.C. § 1406(a).

## LITIGATION HISTORY AND WARNING

Court records indicate that, including this action, between April 15, 2024, and April 19, 2024, Plaintiff filed seven actions in this court. *See Pittman v. Allen*, No. 24-CV-3102 (LTS) (S.D.N.Y. Apr. 24, 2024) (transferred to the Northern District of Georgia); *Pittman v. State of Georgia*, No. 24-CV-2906 (LTS) (S.D.N.Y. Apr. 19, 2024) (same); *Pittman v. Fulton Cnty. Police Dep't*, No. 24-CV-2898 (LTS): (S.D.N.Y. Apr. 18, 2024) (same); *Pittman v. State of Georgia*, No. 24-CV-2892 (LTS) (S.D.N.Y. Apr. 18, 2024) (same); *Pittman v. United States Gov't*, No. 24-CV-2909 (S.D.N.Y. filed Apr. 15, 2024); *Pittman v. Brown*, No. 24-CV-3093 (S.D.N.Y. Apr. 19, 2024).

Each of the complaints filed by Plaintiff includes substantially similar allegations, and, including this action, five of Plaintiff's cases have thus far been transferred to the Northern District of Georgia. The Court warns Plaintiff that repetitive filing of similar complaints in this court, particularly after having been informed that this is an improper venue, may result in an

order directing her to show cause why she should not be barred from filing new actions in this court *in forma pauperis* without receiving prior permission to file from the court. *See* 28 U.S.C. § 1691.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court warns Plaintiff that repetitive filing of similar complaints in this court, particularly after having been informed that this is an improper venue, may result in an order directing her to show cause why she should not be barred from filing new actions in this court *in forma pauperis* without receiving prior permission to file from the court. *See* 28 U.S.C. § 1691.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 2, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge